# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY *a/s/o* CARL MARTUCCI, Plaintiff, | : : : : : | CIVIL ACTION NO. 18-0433 |
| vs. | : : | |
| JULIO MARRERO, Defendant. | : : : | |

Henry S. Perkin, M.J.                                                                                      March 15, 2019

## MEMORANDUM

Defendant Julio Marrero ("Mr. Marrero") moves for transfer of this subrogation matter to Intercompany Arbitration because the Plaintiff, State Farm Fire & Casualty Company ("State Farm"), and Interinsurance Exchange of the Automobile Club ("AAA"), the insurer for Defendant, are members of Arbitration Forums, Inc., which requires any signatory to the Arbitration Agreement to submit any dispute valued at less than $100,000.00 to Intercompany Arbitration. State Farm has moved to consolidate this case with a newly filed case presently assigned to the Honorable Joseph F. Leeson, Jr. For the reasons that follow, the motion to consolidate will be denied and the motion to transfer to Intercompany Arbitration will be granted.

## I.     FACTS AND PROCEDURAL HISTORY.

This matter is a subrogation action by State Farm as subrogor of Carl Martucci ("Mr. Martucci") against Mr. Marrero relating to a September 15, 2017 residential fire at 1819 W. Tilghman Street in Allentown Pennsylvania. At all relevant times, the W. Tilghman Street property was owned by Mr. Martucci and leased to his tenant, Mr. Marrero. Mr. Marrero resided in the property with his girlfriend, Mia Soto Rivera, and her son at the time of the fire.

Mr. Marrero was the only named tenant on the lease with Mr. Martucci. The property is a twin or side-by-side duplex; Mr. Martucci owned only the side where the fire occurred.

In the Plaintiff's Complaint filed on February 2, 2018 and Amended Complaint filed on May 21, 2108, and in damage documentation provided to the Defendant in Plaintiff's Initial Disclosures and during the course of discovery, Plaintiff claimed damages in excess of $100,000. The damage documentation submitted by State Farm with Initial Disclosures shows an 87 page estimate totaling $118,579.79. *See* Mot., Ex. A. Later estimates added additional amounts for personal property, and loss of use totaling $122,705. *Id.*

This case was originally assigned to the docket of the Honorable Joseph F. Leeson, Jr. On August 6, 2018, Judge Leeson signed the consent and order referring this case to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. section 636(c) and Federal Rule of Civil Procedure 73.

At Mr. Martucci's deposition on January 17, 2019, he testified that he never repaired the property following the fire and his settlement with State Farm, but instead sold the property "as is" for approximately $61,000. Mot., Ex. B, p. 21. Furthermore, as he indicated in his deposition, Mr. Martucci was paid less than $100,000 or somewhere between $90,000.00 and $98,681.60 by State Farm in settlement. *Id.* at 26-27.

The deadlines for discovery and Plaintiff's expert disclosures were on February 1, 2019. Mr. Marrero's counsel, based on Mr. Martucci's deposition testimony, filed the instant Motion to Transfer to Intercompany Arbitration on February 12, 2019. *See* ECF 27.

On February 25, 2019, the day before State Farm's response to the Motion to Transfer was due, State Farm filed a separate Complaint in this District Court against Ms. Rivera,

Mr. Marrero's girlfriend who resided at the property in September 2017.  *See State Farm Fire & Casualty Co. a/s/o Carl Martucci v. Mia Soto Rivera*, Civ. A. No. 19-0819. That case was assigned to the docket of the Honorable Joseph F. Leeson, Jr.

The next day, February 26, 2019, less than one hour before filing the Response in Opposition to the Motion to Transfer to Intercompany Arbitration, State Farm filed a Motion to Consolidate, seeking consolidation of the instant case with its case against Ms. Rivera.  The motion to consolidate was filed only in the instant case, not in the case against Ms. Rivera assigned to Judge Leeson.  *See* ECF 28.  State Farm's Response in Opposition to the Motion to Transfer to Intercompany Arbitration was filed on February 26, 2019.  *See* ECF 29.  On February 28, 2019, Mr. Marrero filed both a Memorandum of Law in Opposition to the Motion to Consolidate and a Reply to Plaintiff's Response in Opposition to the Motion to Transfer.  *See* ECF 30, 31.  In an email to Chambers on March 1, 2019, State Farm's counsel expressed opposition to Mr. Marrero's Reply to Plaintiff's Response in Opposition to the Motion to Transfer because the Reply was not filed with leave of Court.

## II. STANDARD.

The Federal Arbitration Act allows federal courts to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue."  9 U.S.C. § 4.  A party seeking to enforce an arbitration agreement may petition the Court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  *Id.*  For a motion to compel arbitration, the Court must ask (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement.  *Century Indem. Co. v. Certain Underwriters at Lloyd's*,

3

584 F.3d 513, 523 (3d Cir. 2009). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* The United States Supreme Court advises:

> Agreements to arbitrate that fall within the scope and coverage of the Federal Arbitration Act (Act), 9 U.S.C. § 1, *et seq.*, must be enforced in state and federal courts. . . . The Act has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this leads to piecemeal litigation.

*KPMG LLP v. Cocchi*, 132 S.Ct. 23 (2011)(citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).

The Third Circuit requires a two-tier standard of review when a party moves to compel arbitration. *Guidotti v. Legal Helpers*, 716 F.3d 764 (3d Cir. 2013). Where it is apparent on the face of the complaint that the claims at issue are subject to arbitration, the case is considered under a motion to dismiss standard. *Id.* at 774-76; Fed. R. Civ. P. 12(b)(6). Where the complaint does not *prima facie* establish that the parties have agreed to arbitrate, or where the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, then the parties are entitled to limited discovery on the issue of arbitrability before a renewed motion to compel arbitration is decided on a summary judgment standard. *Id.*

Consolidation of actions presenting a common issue of law or fact is permitted under the Federal Rules of Civil Procedure 42(a) as a matter of convenience and economy in judicial administration. *In re Community Bank of N. Virginia*, 418 F.3d 277, 298 n.12 (3d Cir. 2005). A court may deny consolidation if one case is further into the discovery process. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2382 (Civ.2d 1995)

4

## III. DISCUSSION.

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). State Farm admits that this is a subrogation action relating to the September 15, 2017 fire at the subject property where Mr. Marrero lived and was the named tenant on a lease and that its initial claim for damages was approximately $122,705.00, which exceeds the threshold limit of $100,000.00 for Intercompany Arbitration. State Farm concedes that during the January 17, 2019 deposition of its insured, Mr. Martucci, he testified that he never repaired the subject property after the fire loss, but rather sold it "as is" for $61,000.00. Thus, Mr. Martucci was never paid the recoverable depreciation under the subject policy but was paid an amount less than $100,000.00, somewhere between $90,000.00 and $98,681.60.

In a subrogation action such as this case, an insurance company, i.e., State Farm, stands in the shoes of its insured, Mr. Martucci, after it has paid an amount which represents a tortfeasor's debt to the insured. *Arch Ins. Co. v. Carol & Dave's Roadhouse, Inc.*, No. 2:11-CV-801, 2013 WL 1900953, at *1 (W.D. Pa. May 7, 2013), *aff'd*, 567 F. App'x 131 (3d Cir. 2014)(citing *Allstate Indemnity Co. v. Martin*, 2011 WL 2790265 (E.D.Pa. July 15, 2011)). Because "[t]he insurance company may not recover more than it paid to its insured," State Farm's recovery is limited to an amount less than $100,000.00, or somewhere between $90,000.00 and $98,681.60. *Id.* (citing *Penn Nat'l. Ins. v. HNI Corp.*, 2007 WL 2907542 at *3 (M.D. Pa. 2007)). State Farm admits that State Farm Fire & Casualty Company and Interinsurance Exchange of the Automobile Club ("AAA"), the insurer for Mr. Marrero, are members of Arbitration Forums, Inc., which requires any signatory to the subject Arbitration Agreement to submit any dispute valued at less than $100,000.00 to Intercompany Arbitration.

5

In its Response in Opposition to the Motion to Transfer to Intercompany Arbitration, State Farm opposes the transfer of this case to Intercompany Arbitration because it contends that its recovery effort must involve both Mr. Marrero and Ms. Rivera "as they are both - either jointly or severally - potentially liable for causing the fire that gives rise to Plaintiff's Complaints. Hence, when considered *in full* Plaintiff's effort must involve two Defendants, only one of them is known to be insured by a carrier that is an Intercompany Arbitration signator." Pl.'s Mem. Law in Resp., pp. 1-2. Thus, in the motion to consolidate, State Farm argues that the two cases must be consolidated pursuant to Fed. R. Civ. P. 42(a) as involving a common question of law or fact and will involve the same fact and expert witnesses, will result in judicial economy and will not prejudice any party. State Farm argues that Intercompany Arbitration is not an appropriate venue for this dispute because Ms. Rivera might or might not be insured by a member of Arbitration Forums, Inc. or may not be insured at all. Because she has not yet been served with the Complaint against her, State Farm argues that the motion to transfer must be denied without prejudice until the case against Ms. Rivera is further developed.

Conversely, Mr. Marrero argues that the case filed against Ms. Rivera and the motion to consolidate were filed solely to defeat the transfer of this case to Intercompany Arbitration. Mr. Marrero opposes the consolidation of this case with the case against Ms. Rivera because State Farm has a contractual obligation to arbitrate this claim with AAA, Mr. Marrero's insurance company. He further argues that the matter is now ripe for determination, since discovery has closed, both sides have provided expert disclosures and the case is scheduled for non-binding arbitration in this Court on April 17, 2019. According to Mr. Marrero, transferring the case to Intercompany Arbitration would permit the case to be expeditiously decided without

the cost of bringing experts to Court or an arbitration hearing in this Court which could be appealed *de novo*. The result of Intercompany Arbitration is binding on Mr. Marrero and AAA, his insurer. This would resolve this action, and according to Mr. Marrero, would render further action against Ms. Rivera unnecessary or moot.

In *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983), the Supreme Court stated that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1159 (3d Cir. 1989). Thus, taking the facts in the light most favorable to State Farm as the non-moving party as to the motion to compel/transfer to arbitration, the agreement by AAA and State Farm as participating member companies with Arbitration Forums, Inc. must be enforced because it unambiguously encompasses the subrogation dispute as to Mr. Marrero, even if this Court were to grant the motion to consolidate as to Ms. Rivera. *See* Mot. to Transfer, Ex. C. Because judicial economy would not be served if the two cases were consolidated since the arbitration agreement must be enforced as to the claims against Mr. Marrero, State Farm's Motion to Consolidate will be denied, Mr. Marrero's Motion to Transfer to Intercompany Arbitration will be granted, and the Clerk of Court will be directed to close this case.

An appropriate Order follows.